(No. 2192— )

JOHN A. HANNA AND HATTIE HANNA, Claimants, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed January 9, 1935.*

TOM W. SMURR, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. JUSTICE YANTIS delivered the opinion of the court:

The declaration in this case claims relief for damage and destruction of crops of grain growing upon farm lands of claimants located between the Illinois and Michigan Canal and the Illinois River in Section Fifteen (15), Township Thirty-three (33) North, Range Two (2) East of the Third P. M., in the County of LaSalle and State of Illinois; that such damage and destruction of crops was caused by the blockading and obstructing of the natural flow of water across the lands of claimants by the servants and agents of the State of Illinois in the course of construction of and work on the Illinois Waterway at a portion of same commonly referred to as the "Starved Rock Dam Site."

A motion to consolidate this cause with the case of *John A. Hanna et al.* vs. *State of Illinois,* No. 2191, has been filed by claimants, and an agreement made between the respondent and the parties interested that case No. 2191 and No. 2297 may be consolidated. The motion to consolidate Nos. 2191 and 2192 is denied.

The Attorney General, on behalf of the State, has filed a motion herein to dismiss this case for lack of jurisdiction of this court, and because of the provisions of Section 24 of the Act known as the Illinois Waterway Act, approved June 17, 1919.

The Illinois Waterway Act provides as follows:

"All claims for damages to persons (except to employees) and all claims for damages to property, real or personal, shall be ascertained, determined and fixed by the Department of Public Works and Buildings, and paid out of any monies which shall, from time to time, be provided for the payment of such claims.

"\* \* \* All claims for damages to persons or property shall be filed with the Department of Public Works and Buildings within five years after the injury complained of."

Cahill's Illinois Statute, Chap. 19, Paragraph 114.

Claimant contends that this section does not exclude jurisdiction by the Court of Claims, but this court has repeatedly held and is of the opinion that it has no jurisdiction over the matter complained of herein and the motion of the Attorney General will be allowed.

Motion allowed. Claim dismissed.